

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1948

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-622

Re: The authority of the
Automatic Tax Board
to reduce or eliminate
the 2¢ ad valorem levy
for the Confederate
Pension Fund.

Dear Mr. Sheppard:

You request the opinion of this office upon the following, which is quoted from your letter of May 27,1948:

"Articles 7041 and 7043, R. C. S., 1925, create and prescribe the duties of the Automatic Tax Board in calculating the ad valorem tax to be levied and collected each year for State and free school purposes.

"Article 7043 sets out a specific formula to be followed by the Automatic Tax Board in calculating the rates to be levied for the different funds: 'In calculating said rates the Board shall calculate the same by the following rules and upon the following basis:.....'

"Section 17 of Article 7 of the Constitution reads, in part, as follows: 'In lieu of the state ad valorem tax on property of Seven (7¢) Cents on the One Hundred ($100.00) Dollars valuation heretofore permitted to be levied by Section 51 of Article 3, as amended, there is hereby levied, in addition to all other taxes permitted by the Constitution of Texas, a state ad valorem tax on property of two (2¢) cents on the One Hundred ($100.00) Dollars valuation for the purpose of creating a special fund for the payment of pensions for services in the Confederate army and Navy, frontier organizations,

and the militia of the State of Texas, and for
the widows of such soldiers serving in said
armies, navies, organizations or militia; pro-
vided that the Legislature may reduce the tax
rate hereinabove levied.'

"There is sufficient monies in the Confed-
erate Pension Fund in the Treasury to meet all
claims that may arise or accrue against said
fund for the ensuing bi-ennium and for a period
of years thereafter.  The question naturally
arises, therefore, as to whether or not the Au-
tomatic Tax Board has the power to reduce the
2¢ levy provided for in Section 17 of Article
7 of the Constitution above quoted.

"I shall therefore thank you to advise me,
as a member of the Automatic Tax Board, as to
whether said Board would be authorized to re-
duce or eliminate the 2¢ levy, above mentioned,
for the ensuing year."

Section 17 of Article VII of the Constitution
provides that in lieu of the seven (7¢) cents on the One
Hundred ($100.00) Dollars valuation for the payment of
pensions said tax shall be two (2¢) cents per One Hundred
($100.00) Dollars valuation instead of seven (7¢) cents
as theretofore.  This two (2¢) cents is expressly levied
by the Constitution as was the seven (7¢) before.  It is
observed that this provision of the Constitution further
provides:  "provided that the Legislature may reduce the
tax rate hereinabove levied."  This rate, therefore, may
not be reduced except by the Legislature, and the Automat-
ic Tax Board has no authority to eliminate or reduce this
rate.  The fact that there presently exists a surplus in
the Confederate Pension Fund sufficient to meet all de-
mands for the present biennium and several years thereaf-
ter is immaterial.  Until the Legislature takes some ef-
fective action to reduce or eliminate this rate, it continues
an annual tax liability upon all property in this State sub-
ject to ad valorem taxes.

## SUMMARY

The Automatic Tax Board has no authority to reduce or eliminate the two (2¢) cents levied by Section 17 of Article VII of the Constitution for Confederate pensions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar

L. P. Lollar

APPROVED:

ATTORNEY GENERAL

LPL:erc